# MEMORANDA

OF

## CASES NOT REPORTED IN FULL

THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN MURRAY *v.* THE JUSTICES OF THE COURT OF SPECIAL SESSIONS OF THE PEACE IN AND FOR THE CITY AND COUNTY OF NEW YORK.

*Court of Special Sessions — jurisdiction of — trial by jury in.*

CERTIORARI to the Court of Special Sessions to review a conviction of the relator.

The return showed that the relator was arrested upon a complaint made in due form, before one of the police justices of the city, upon a charge of assault and battery, and that on being brought before such magistrate, he elected to be tried for such alleged offense by the Court of Special Sessions of the Peace, and was committed to await such trial, and required to find bail, in the sum of $500, for his appearance at the Court of Special Sessions, to answer to the complaint preferred against him for said offense.

Subsequently, but in what manner it does not appear, he was brought before Mr. Justice DONOHUE, of the Supreme Court, and there entered into a bond or recognizance for his appearance at the next term of the Special Sessions. The recognizance recited the above facts. The complaint and papers were then transmitted to the clerk of the Court of Special Sessions, for trial at said court. Afterwards, and on the 25th of September, 1877, the Court of Special Sessions was duly organized at the halls of justice, in the city, and the relator was brought before the court for trial upon said complaint. The complaint was read to him, and he was called upon to plead thereto, and thereupon he pleaded not guilty. Such plea was duly entered in the minutes of the court. The court thereupon

534    PEOPLE ex rel. MURRAY v. SPECIAL SESSIONS.

First Department, March Term, 1878.

then proceeded to try the issue, and witnesses were produced by the complainant and the relator; and upon such trial the relator was found guilty and sentenced to imprisonment for the term of four months.

The court, at General Term, said: "The only questions raised here relate to the jurisdiction of the Court of Special Sessions. By section 5 of chapter 337 of the Laws of 1855 (which may be found cited in third Revised Statutes [Banks' 6th ed.], 242), jurisdiction is given to the Court of Special Sessions over all complaints for misdemeanors, made before police justices, unless the court shall send the case to the General Sessions, or unless the accused, when brought before the committing magistrate, shall elect to have his case tried in the General Sessions.

The relator, in this case, elected to be tried at the Special Sessions, and he entered into a recognizance reciting such election and conditioned for his appearance before such Court of Special Sessions. On his appearing for trial he made no objection that the case was not properly before the court, and no claim that it should be sent to the General Sessions, but entered the plea of not guilty, and submitted himself to trial before that court, as though all preliminary steps had been in all respects regular and proper. It is too late for him to object to any want of formality in any proceeding antecedent to his trial, for all matters of form must be deemed to be waived by his appearing before the Court of Special Sessions, joining issue and proceeding to trial, without the suggestion of any objection to the regularity of any proceeding or the jurisdiction of the court.

The Court of Sessions existed prior to the first Constitution of the State, which was adopted in 1777. It was first created by the Colonial legislature in 1744, and has ever since, with various changes and modifications made by the legislature, existed in this State.

Trial by jury was wholly unknown in that court until it was created *sub modo*, by the act of 1824. The common-law jury however, has never existed in that tribunal. (*In the Matter of Sweatman*, 1 Cow., 144, 151, note *e; Murphy* v. *People*, 2 id., 815, 818, note *b; People* v. *Riley*, 5 Parker Crim., 401; *People ex rel. Walker* v. *Special Sessions*, 4 Hun, 442.)

We do not think that there is any force in the position urged by the learned counsel for the relator, that the relator was entitled to a trial by jury, because he had given bail for his appearance before the Court of Special Sessions. Undoubtedly that right would have existed if he had entered into a recognizance for his appearance at the General Sessions, and had appeared in person, pursuant to such recognizance, for trial at the General Sessions. It is clear, in such case, that his right to trial by common-law jury would have been complete and could not have been waived even by himself. (*Cancemi* v. *The People*, 18 N. Y., 128 ; *Cruger* v. *Hudson River R. R. Co.*, 2 Kern., 198 ; *People* v. *Kennedy*, 2 Parker, 312.)

If the recognizance, or bond, given for his appearance at the Special Sessions were altogether irregular or extra judicial, it nevertheless could not have the effect to transfer the case, which, by the election of the relator, was to be tried in the Court of Special Sessions, to another tribunal. But if it were regularly and properly taken, the appearance of the relator before the Sessions was in accordance with its exigency and requirement, and therefore it cannot be held to have taken away the jurisdiction of that court.

Under the statutes creating the Court of Special Sessions of this State, trials are had before three police justices without a jury. No provision is made either for the common-law jury or the statutory jury provided for Courts of Special Sessions in other counties of the State. We are unable to see any error in the proceedings or any want of jurisdiction in the court.

The writ should be dismissed and the proceedings of the Special Sessions affirmed."

*Wm. F. Kintzing*, for the relator. *B. K. Phelps*, for the respondent.

Opinion by Davis, P. J. ; Brady and Ingalls, JJ., concurred.

Writ dismissed, proceedings affirmed.